UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**CHRISTOPHER T. M.,**

                           **Plaintiff,**

   vs.
                                                              1:23-CV-141
                                                                (MAD/CFH)

**COMMISSIONER OF SOCIAL SECURITY,**

                           **Defendant.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**OLINSKY LAW GROUP**                   **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street, Suite 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMIN.**         **VERNON NORWOOD, ESQ.**
**OFFICE OF GENERAL COUNSEL**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On March 30, 2021, Plaintiff Christopher T.M. filed a Survivor's Claim for Child's Insurance Benefits ("CIB") under Title II of the Social Security Act, alleging disability beginning on August 1, 2020. *See* Dkt. No. 9 at 23, 99. Plaintiff alleges autism as a mental condition that limits his ability to work. *See id.* at 198. Plaintiff's claim was filed on his deceased adoptive mother's Social Security records. *Id.* at 195. Plaintiff's application was initially denied on August 17, 2021. *See id.* at 101. He submitted a request for reconsideration on September 17, 2021, which was denied on May 24, 2022. *See id.* at 109, 110. On June 9, 2022, Plaintiff requested a

hearing before an Administrative Law Judge ("ALJ"). *See id.* at 118. On October 5, 2022, ALJ David Neumann conducted a hearing by telephone. *See id.* at 39. On October 24, 2022, the ALJ issued a written decision finding that Plaintiff was not disabled within the meaning of the Social Security Act and denying Plaintiff's claim for benefits. *See id.* at 20. On December 22, 2022, ALJ Neumann's decision became the Commissioner's final decision when the Social Security Appeals Council denied Plaintiff's request for review. *See id.* at 5.

On February 1, 2023, Plaintiff commenced this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of the Commissioner's decision. *See* Dkt. No. 1 at 1. In a Report-Recommendation dated February 29, 2024 (the "Report-Recommendation"), Magistrate Judge Hummel recommended (1) Plaintiff's motion for judgment on the pleadings be granted; (2) Defendant's motion for judgment on the pleadings be denied; and (3) the Commissioner's decision be reversed and remanded for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). *See* Dkt. No. 19 at 30.

Neither party has filed objections to the Report-Recommendation. When a party declines to file objections to a magistrate judge's report-recommendation or files "[g]eneral or conclusory objections or objections which merely recite the same arguments presented to the magistrate judge," the district court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367, 2017 WL 5484663, *1 n.1 (N.D.N.Y. Nov. 14, 2017) (quotation and citations omitted).

After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The Court does not discern any clear error in the Report-Recommendation.  As Magistrate Judge Hummel found, remand is warranted in this case because ALJ Neumann (1) failed to properly address the supportability and consistency of prior administrative medical findings, *see Rivera v. Comm'r of the Soc. Sec. Admin.*, No. 19-CV-4630, 2020 WL 8167136, *14 (S.D.N.Y. Dec. 30, 2020) ("If the ALJ fails adequately to explain the supportability or consistency factors, or bases [his] explanation upon a misreading of the record, remand is required"); *Pardee v. Astrue*, 631 F. Supp.2d 200, 216-17 (N.D.N.Y. 2009) ("When a reviewing court concludes that incorrect legal standards have been applied, and/or that substantial evidence does not support the agency's determination, the agency's decision should be reversed"); and (2) the ALJ's legal errors were not harmless because a correct application of the legal standards to the evidence does not dictate a single conclusion.  *See Nunez v. Comm'r of Soc. Sec.*, No. 1:22-CV-9100, 2024 WL 262793, *3 (S.D.N.Y. Jan. 24, 2024) ("[T]he ALJ's failure to address supportability and consistency with respect to the entire period at issue was not harmless since a finding of greater limitations in Plaintiff's disability[ ] could result in a determination that Plaintiff was unable to work").

Accordingly, after carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Hummel's February 29, 2024 Report-Recommendation (Dkt. No. 19) is **ADOPTED** in its entirety for the reasons stated herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED,** pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this Order and Magistrate Judge Hummel's Report-Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 20, 2024
          Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge